IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KAREN GREEN,

    PLAINTIFF,

v.                                         CIVIL ACTION NO.:

COASTAL VASCULAR AND
INTERVENTIONAL, P.L.L.C.

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Karen Green, (hereinafter referred to as the "Plaintiff" or "Green"), by and through the undersigned counsel, sues the Defendant, Coastal Vascular and Interventional, P.L.L.C., (hereinafter referred to as the "Defendant" or "Coastal"), and alleges as follows:

### INTRODUCTION

Plaintiff brings this action for interference and violation of her federally protected rights under 29 USCS §§ 2611 et seq. Family Medical Leave Act.

### JURISDICTION AND VENUE

1. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

2. Defendant is considered an employer within the terms and conditions of the 29 USCS §§ 2611 et seq. ("FMLA"). Defendant employs fifty (50) or more

1

employees within 75 miles of Plaintiff's Pensacola, Florida worksite.

3.      Plaintiff worked for Defendant from January 2008, until July 2020. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

4.      The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

5.      Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

6.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), and Fed. R. Civ. P. 54 as set forth herein.

7.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

8.      Plaintiff has complied with all conditions precedent to the filing of this suit.

## PARTIES

9.      Plaintiff is a Caucasian female who resides in Navarre, Florida. She was employed by the Defendant from January 2008, until July 2020.

10. Defendant, Coastal, is a multi-specialty physicians group practice providing healthcare services to patients in Northwest Florida, with its principal place of business located in Pensacola Florida. Defendant employs more than 50 employees and is an employer within the meaning of Family and Medical Leave Act ("FMLA").

## FACTS

11. Plaintiff is a Caucasian female.

12. Plaintiff began her employment with Defendant in January 2008, as an independent contractor.

13. In January 2010, Defendant changed Plaintiff's employment status to PRN status with her averaging approximately 35-40 hours a week.

14. Plaintiff performed the duties of her position in a more than satisfactory manner.

15. In January 2015, Plaintiff accepted a fulltime position 40 plus hours a week with Defendant that included, health, dental, PTQ, and retirement with employee contributions benefits.

16. From 2015 until February 2019, Plaintiff maintained her full time status with Defendant and continually worked 40 or more hours a week.

17. Plaintiff was an "eligible employee" for purposes of the FMLA as she was employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250

hours of service with Defendant in the previous 12-month period.

18. In February 2019, Plaintiff learned that her mother's health was progressively failing and that she had been hospitalized and diagnosed with Alzheimer's.

19. Plaintiff told her manager, Kelly Stewart, about her mother and that she would need to travel to Scotland to help care for her in her final days.

20. Shortly afterwards, the president of Coastal, Dr. Christopher LeCroy ran into Plaintiff in the hallway and told Plaintiff to go take care of her mom.

21. Plaintiff expressed concern to Dr. LeCroy about her job to which he replied, don't you worry we will always have a place here for you and gave her a big hug.

22. At no point prior to Plaintiff leaving to take care of her mother did Defendant inform her of her FMLA rights, nor was there any type of policy posted in the workplace or an employee handbook which explained or set forth Defendant's FMLA policy, as one did not exist at the time of Plaintiff's leave.

23. In March 2019, Plaintiff traveled to the United Kingdom to take care of her terminally ill mother and returned home periodically to take care of my personal business.

24. In July 2019, Plaintiff's return home permanently to Florida.

25. Upon Plaintiff's return home, she notified her manager, Kelly Stewart,

and requested to be returned to her full time position, but Plaintiff was informed that Defendant had filled her position in her absence.

26.   Defendant informed Plaintiff that she could work PRN and was given 4-5 days to work in August 2019, and no hours to work in September or October 2019.

27.   In November and December 2019, Plaintiff was given just 10-11days in each of those months to work for Defendant.

28.   In January 2020, Plaintiff was given just 6 days to work and in February 2020, she was given just 10 days to work,

29.   In March and April 2020, Plaintiff was not given any days to work by Defendant.

30.   During the Covid-19 statewide quarantine lockdown, all of Defendant's fulltime employees were paid full salary, but since Plaintiff had not been returned to her prior full time status, she was not paid.

31.   Plaintiff continually asked Defendant if there was any chance of getting her full time position back.

32.   Plaintiff was told each time that she lost her seniority when she left March 2019, and she had start over again.

33.   Since the other PRN staff had seniority and choice of how many days they wanted and Plaintiff was relegated to get what was left.

34. At no time after Plaintiff's return and request to be reinstated to her prior full time position did Defendant ever inform Plaintiff of her FMLA eligibility or reinstatement rights.

35. It was not until July 2020, when Plaintiff was told by a co-worker of a new Coastal Employee Handbook that was being distributed did Plaintiff learn and subsequently realized she qualified for FMLA leave prior to her departing for the UK to take care of her dying mother.

36. Defendant had sufficient knowledge and information of Plaintiff's mother's serious health condition and that Plaintiff was a qualified individual entitled to FMLA leave.

37. Plaintiff's notice to Ms. Steward was sufficient to assert her rights under the FMLA, as she conveyed more than enough information to put Defendant on notice that an event described in the FMLA occurred.

38. Defendant knew of Plaintiff's mother's qualifying medical condition and failed to provide Plaintiff the necessary paperwork for her FMLA leave.

39. In February 2019, when Defendant acquired sufficient information and knowledge that Plaintiff's leave was for an FMLA-qualifying reason, Defendant should have notified Plaintiff of her eligibility to take FMLA leave within five business days.

40. The FMLA required Defendant to give Plaintiff written notice

detailing her specific expectations and obligations under the FMLA and further explaining any consequences of her failure to meet these obligations.

41. Defendant never provided Plaintiff with any type of notice, written or otherwise, that she was entitled to FMLA benefits, thus interfering with and denying her substantive rights under the FMLA.

## FIRST CAUSE OF ACTION
(FMLA INTERFERENCE)

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 41 of this complaint with the same force and effect as if set forth herein.

43. Defendant knew of Plaintiff's mother's medical condition and refused to discuss any type of FMLA leave.

44. Defendant had more than sufficient knowledge that Plaintiff's absences were for an FMLA-qualifying reason.

45. The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations and explaining any consequences of her failure to meet these obligations.

46. In February 2019, when Defendant acquired sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason, Defendant should have notified Plaintiff of her eligibility to take FMLA leave within five business days.

47. Defendant unlawfully interfered with Plaintiff's federally protected

rights under the Family and Medical Leave Act when it acquired sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason.

*48.* Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

49. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

*50.* Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are violation of the, FMLA;

    b) Enjoining and permanently restraining those violations of the FMLA;

    c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment

opportunities;

   d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

   e) Awarding Plaintiff liquidated damages;

   f) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

   g) Granting such other and further relief as the Court deems just and proper in the premises.

<u>DEMAND FOR JURY TRIAL</u>

   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: August 7, 2020.   By: */s/ Clayton M. Connors*
            CLAYTON M. CONNORS
            Florida Bar No.: 0095553
            Email: cmc@westconlaw.com
            **WESTBERRY & CONNORS, LLC.**
            4400 Bayou Blvd., Suite 32A
            Pensacola, Florida 32503
            Tel: (850) 473-0401
            Fax: (850) 473-1388
            Attorney for Plaintiff